**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

————————————————————

**MARK DUBLINO,**

               **Petitioner,**

     **-vs-**

**J WOLCOTT,**

               **Respondent.**

————————————————————

               **25-CV-1488-JLS(HKS)**

## <u>DECISION AND ORDER</u>

This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) for all pre-trial matters and to hear and report on dispositive motions. Dkt. #7.

Petitioner Mark Dublino ("Petitioner"), an inmate of the New York State Department of Corrections and Community Supervision, has filed a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 challenging a nonjury verdict convicting him of assault, second degree, in violation of New York Penal Law § 120.05(7). Dkt. #1. Petitioner asserts that: (1) the trial court violated his constitutional right to represent himself; (2) failed to sanction the prosecution for spoliation of evidence; (3) failed to dismiss the indictment for failure to present a justification defense to the grand jury; and that (4) the district attorney's office denied him equal protection of the law by engaging in a selective and vindictive prosecution. Dkt. #1. Petitioner asserts

that each of these claims were exhausted on appeal to the Appellate Division, Fourth Department. Dkt. #1.

Currently before the Court is petitioner's motion to stay the petition and hold it in abeyance while he pursues a motion pursuant to New York Criminal Procedure Law § 440.10 in state court to address his claims of: (1) conflict of interest; (2) ineffective assistance of counsel; (3) selective and malicious prosecution; (4) deliberate indifference to petitioner's rights; and (5) actual innocence. Dkt. #6. In support of the motion, petitioner attaches a "Notice of Motion to Vacate Judgement And/Or Set Aside Sentence, Pursuant To The CPL 440.10(1)(B, C, D, F, G, H), Ineffective Assistance of Counsel, On New Evidence, and Actual Innocence," which is dated March 12, 2026. Dkt. #6, p.14.

Where a petition for writ of *habeas corpus* contains both exhausted and unexhausted claims, a district court may stay the petition and hold it in abeyance while the petitioner exhausts the unexhausted claims in state court. *Rhines v. Weber*, 544 U.S. 369, 276 (2005). Such a stay is warranted if there is good cause for the petitioner's failure to exhaust his claims in state court before filing the petition and if the unexhausted claims are not plainly meritless. *Id.* at 277. A stay is not warranted in circumstances where the petition does not include unexhausted claims. *Williams v. Shanley*, 20-CV-688, 2022 WL 17629736, at *4-5 (W.D.N.Y. Dec. 12, 2022) (collecting cases). Given that petitioner asserts that the claims currently set forth in his petition are exhausted, petitioner's motion for a stay is denied without prejudice as premature .

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts permits application of the Federal Rules of Civil Procedure in *habeas* cases to the extent that the civil rules are not inconsistent with any statutory provisions or the *habeas* rules. *Mayle v. Felix*, 545 U.S. 644, 654-55 (2005)*; Monahan v. New York City Dep't of Corrs*., 214 F.3d 275, 283 (2d Cir. 2000), cert. denied, 531 U.S. 1035 (2000). 28 U.S.C. § 2242 explicitly permits amendment of *habeas* petitions as provided in the rules of procedure applicable to civil actions. Thus, the standard for granting or denying a motion to amend a *habeas* petition is governed by Federal Rule of Civil Procedure 15(a), which requires that leave to amend be freely given absent a determination that, *inter alia*, such amendment would be futile, either because it fails to comply with procedural requirements for exhaustion of state remedies, or because it lacks merit. *Miller v. Fennessey*, 20-CV-354, 2024 WL 2214808, at *12 (W.D.N.Y. May 16, 2024), *citing Murray v. Noeth*, 21 Civ 5343, 2022 WL 2116842, at *4 (S.D.N.Y. June 13, 2022).

If petitioner chooses to move to amend his petition, he shall attach a proposed amended petition and is advised that it must contain all claims petitioner seeks to raise before this Court. *See Williams*, 2022 WL 17629736, at *9 n.6 (amended petition "supersedes the original and renders it of no legal effect."). Assuming the CPL 440.10 motion remains pending in state court, petitioner may also renew his request to stay the petition, but must demonstrate good cause for failing to exhaust his claims in state court prior to filing his original petition. Under the standards for amendment as

well as for a stay, petitioner must also demonstrate that the claims that he seeks to add

to the petition have merit. Petitioner is directed to attach to his motion papers a copy of

his CPL § 440.10 motion and, if rendered, the state court's decision with respect to the

CPL § 440.10 motion.


**SO ORDERED.**


DATED:       Buffalo, New York
             July 17, 2026


                                 s/ H. Kenneth Schroeder, Jr.
                                 **H. KENNETH SCHROEDER, JR.**
                                 **United States Magistrate Judge**